UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN SUSINO,<br><br>            Plaintiff,<br><br>       v.<br><br>SAFEWAY, INC., et al.,<br><br>            Defendants. | Case No.   5:25-cv-03857-EJD<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED TO STATE COURT** |

Pro se Plaintiff John Susino ("Plaintiff") commenced this action on February 4, 2025, in the Superior Court of Santa Clara County. Compl., ECF No. 1-2, at 12–93. The heading located above Plaintiff's claims states: "Violations of Law and Rights Against Plaintiff Susino and Other Employees Via Private Attorney General Act" ("PAGA"). *Id.* at 32. PAGA authorizes employees to file lawsuits to recover civil penalties on behalf of the State of California for California Labor Code violations. Cal. Labor Code §§ 2698, *et seq.* Under this heading, Plaintiff lists twenty-eight causes of action: discrimination in employment; stalking; retaliation; harassment; battery; fraud; conspiracy; breach of contract; hostile work environment; negligent misrepresentation; deceit; reasonable reliance; intentional misrepresentation; Bane Act violations; intentional economic interference; emotional distress; breach of fiduciary duty; conflict of interests; wrongful discharge in violation of public policy; retaliation; work place harassment; disparate impact; failure to prevent harassment, discrimination, or retaliation; concealment; opinions as statements of fact; misrepresentations; reasonable reliance; false promise; and ongoing conspiracy. Compl. 32–71.

Defendants removed the case to this Court on May 2, 2025. Notice of Removal, ECF No. 1. A defendant may remove an action from state court to a federal court of original jurisdiction.

Case No.: 5:25-cv-03857-EJD
ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED
1

28 U.S.C. § 1441(a).  Once a case is removed to federal court, the court has an independent obligation to determine that it has federal subject matter jurisdiction.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).  The removed action must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction . . . . [and] [t]he defendant bears the burden of establishing that removal is proper."  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co of America*, 511 U.S. 375, 377 (1994).  Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties.  *See* 28 U.S.C. §§ 1331 (federal question), 1332 (diversity).  Defendants here only assert federal question jurisdiction.  *See* Notice of Removal.  For jurisdiction based on a federal question, courts look to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988).

Defendants assert that the Court has original jurisdiction over this action "because a federal question exists under Section 301 of the Labor Management Relations Act" given their defense that Section 301 preempts Plaintiff's claims.  Notice of Removal ¶¶ 6, 12–13.  However, "an actual or anticipated defense" does not confer federal jurisdiction.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) ("Under the 'well-pleaded complaint' rule, a case may not be removed on the basis of a federal defense"); *Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983) ("[F]ederal law [must be] a necessary element of one of the well-pleaded . . . claims.").

Case No.: 5:25-cv-03857-EJD
ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED
2

1   Defendants also assert in the Notice of Removal—though not in their recently filed Joint Case Management Statement[1]—that Plaintiff's claims are subject to federal question jurisdiction against Defendants Safeway and UCFW5 only because Plaintiff references the federal Taft-Hartley Act and/or National Labor Relations Act on five pages of the Complaint.[2]  Notice of Removal ¶ 15.  However, as discussed above, the Complaint suggests that these claims arise from PAGA, which permits employees to file claims for California Labor Code violations.  Compl. 32; *see also* Joint Case Management Statement 2, ECF No. 20 ("Plaintiff believes the lawsuit that he filed in the Santa Clara County Superior Court on February 4, 2025, should be kept in the Superior Court and not in this Court because it deals with Plaintiff's wrongful termination claims and not the same claims as in the lawsuit he filed on February 3, 2025, in this Court.").  Construing the Complaint in the light most favorable to Plaintiff, and in consideration of Plaintiff's pro se status, the Court finds that merely referencing federal statutes in the text of the Complaint alone does not show that Plaintiff's claims "arise out of" federal law.

Based on the foregoing, the Court **ORDERS** Defendants to **SHOW CAUSE** as to why this action should not be remanded to state court.  Defendants shall respond to this Order no later than **August 22, 2025**.  Failure to respond to the Court's order will result in remand of this case to the Santa Clara County Superior Court.

The Court **VACATES** the August 14, 2025, initial case management conference and motion hearing pending resolution of the jurisdictional issue.

**IT IS SO ORDERED.**

Dated: August 8, 2025

EDWARD J. DAVILA
United States District Judge

---

[1] The Court observes that Defendants spent considerable time in the Joint Case Management Statement describing the federal question jurisdiction established in a separate case brought by Plaintiff before this Court, 25-cv-1102.  Joint Statement 2–3.  This has no bearing on whether the present case is properly before the Court.

[2] Defendants erroneously cite to Exhibit 1, which is the summons, not the complaint.  Notice of Removal ¶ 15.  The Court will assume Defendants intended to cite to the Complaint in Exhibit 3.

Case No.: 5:25-cv-03857-EJD
ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED
3